IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TODD MCELROY, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-58 |
| v. | |
| U.S. DISTRICT JUDGE WILLIAM T. MOORE, JR. | |
| Defendant. | |

**O R D E R**

Before the Court is the Magistrate Judge's March 14, 2022 Report and Recommendation, (doc. 5), to which objections have been filed, (doc. 6). As the Magistrate Judge explained, this case is the latest in a series of cases related to *pro se* plaintiff Todd McElroy's dissatisfaction with the disposition of a case he filed in this Court in 2016. (Doc. 5 at 1.) The Report and Recommendation explains that Judge Moore is entitled to absolute judicial immunity for acts taken in his judicial capacity, unless those acts were done "in the clear absence of all jurisdiction." (Id. at 2 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The Magistrate Judge concluded, based on McElroy's terse allegations, that his claim relates to Judge Moore's disposition of his 2016 suit.[1] (Id. at 3.) McElroy's objections, although not entirely clear, confirm that his claim

---

[1] The Magistrate Judge notes that McElroy's allegations refer specifically to the disposition of a prior case, McElroy v. EEOC, 4:21-cv-232 (S.D. Ga. Aug. 17, 2021). (Doc. 5 at 2-3.) The allegations in that case explicitly refer to the disposition of McElroy's 2016 case. See McElroy, 4:21-cv-232, doc. 1 at 4 (alleging claims for violations of "federal law and Americans with Disabilities Act (ADA)" by EEOC and former Magistrate Judge based on dismissal of McElroy v. Savannah Technical College, 4:16-cv-206 (S.D. Ga. July 20, 2016)).

arises out of Judge Moore's determination of that prior suit. (Doc. 6 at 1 (referring explicitly to the fact that Judge Moore "dismissed [McElroy's claim]," although it is not clear which claim).)

Although McElroy's objection does not dispute the Magistrate Judge's interpretation of the substance of his Complaint or point to any authority that contradicts the conclusion that Judge Moore is immune from the claims at issue, he does request that both the Magistrate Judge and the undersigned recuse. (Doc. 6 at 1.) As this Court has explained:

> Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); see also Jones, 459 F. App's 811 ("The facts alleged in the affidavit must show that the bias was personal, not judicial in nature." (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977))). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Daker v. Allen, 2018 WL 9987239, at *1 (S.D. Ga. Mar. 12, 2018) (Hall, C.J.). McElroy has not submitted an affidavit. (See generally doc. 6.) McElroy's objection to the Magistrate Judge's expression of Judge Moore's immunity,[2] (id. at 1), is not a basis to

---

[2] McElroy objects that the Magistrate Judge stated that Judge Moore "enjoys absolute immunity." (Doc. 6 at 1; see also doc. 5 at 3.) McElroy mistakenly interprets that statement as a statement that the Magistrate Judge "was happy." (Doc. 6 at 1.) However, the Magistrate Judge's expression merely means that Judge Moore possesses and benefits from immunity. See, e.g., enjoy, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 2000) ("enjoy," means "to have for one's use, benefit, or lot").

2

recuse.  The fact that both the undersigned and Judge Moore are judges of the same Court, and have a longstanding relationship in that capacity, is also not a basis to recuse.

For the reasons explained above, and after a careful <u>de</u> <u>novo</u> review of the entire record, the Court concurs with the Magistrate Judge's March 14, 2022, Report and Recommendation.  (Doc. 5.)  The Court **ADOPTS** the Report and Recommendation as its opinion.  For the reasons discussed by the Magistrate Judge, the Plaintiff's Complaint is **DISMISSED**.  (Doc. 1.)  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 21st day of March, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA